UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

\---------------------------------------------------------X

MICHAEL ANTHONY BADSTUEBNER,

        Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

\---------------------------------------------------------X

**FILED**
**CLERK**

4:57 pm, May 08, 2024

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**MEMORANDUM OF DECISION & ORDER**

23-CV-6715 (GRB)

**GARY R. BROWN, United States District Judge**:

> *"Mr. Badsteubner's neurological examination is essentially normal. [He] was in agreement with this assessment….."*
>
>         -Report from Plaintiff's treating neurologist[1]

The parties have cross-moved for judgment on the pleadings in this action seeking review of the denial of Social Security disability benefits by the Commissioner. Docket Report ("DE") 9, 10. For the reasons that follow, the Commissioner's motion, DE 10, is GRANTED, and Plaintiff's motion, DE 9, is DENIED.

In its review, the Court has applied the frequently reiterated standards for entitlement to Social Security disability benefits, review of a denial of such benefits, consideration of motions for judgment on the pleadings, examination of the procedures employed, the substantial evidence rule, deference accorded to ALJ decisions and evaluation of vocational evidence and medical evidence. These standards, along with numerous authorities and citations, are discussed at length

---

[1] References to "Tr." are to the Transcript of the Administrative Record filed in this case, at 14.

1

in *Zacharopoulos v. Saul*, 516 F. Supp. 3d 211 (E.D.N.Y. 2021), which discussion is hereby incorporated by reference.

Plaintiff, a former UPS driver, stopped working in 2017 due to a work-related injury and then "decided to retire" from his job with an early pension, as he believed he could no longer perform the heavy lifting required by his job. Tr. at 220-22. He alleges disability since 2019 primarily due to issues with his shoulder, back, wrist and foot. *Id.* at 398. While the ALJ found Plaintiff disabled from his prior work, the ALJ also found that Plaintiff could perform a range of light unskilled work, a conclusion based in part upon vocational testimony suggesting that Plaintiff could work as a cashier, maid and cafeteria worker. *Id.* at 238-41.

Like so many administrative appeals brought before this Court, this case emanates from a massive record (in this case, a 760-page administrative record supplemented by hundreds of additional pages of legal filings) laden with matters that are irrelevant, puzzling and, at times, misleading. *See* DE 5. Such deforestation is influenced, in part, from its relationship to the state workers' compensation system, which appears to have unlimited capacity to generate immaterial paperwork.

For example, the record contains at least one "Doctor's Progress Report" from 2017 purportedly submitted by Dr. Jeffery Sider, M.D., featuring a "Doctor's Opinion" based on examination, that Plaintiff was suffering from a "temporary impairment" of 50%. Tr. at 69-72. The record also contains a letter regarding this document from Stuart A. Goldstein, apparently a non-lawyer licensed rep employed by a workers' compensation law firm representing Plaintiff, which casually relates the following extraordinary assertions:

> …the report indicates that Dr. Sider gave a 50% disability, please find a letter from Dr. Sider's office indicating that *he did not see the claimant* and that the *bills were submitted for physical therapy under the doctor's name but he never examined the claimant.*

2

*Id.* at 63 (emphasis added).  Whether this telling letter from Dr. Sider is part of the record here is not readily apparent.  In place of Dr. Sider's ersatz examination report, Mr. Goldstein urges adoption by workers' compensation reviewers of an opinion by Dr. Shebairo, who found a "100% temporary impairment."  *Id.* at 63, 65.  Ultimately, however, these opinions matter little, as "the standards for disability under workers' compensation programs are entirely distinguishable from those for Social Security disability insurance benefits."  *Naumov v. Comm'r of Soc. Sec.*, 539 F. Supp. 3d 273, 275 (E.D.N.Y. 2021).

Finding little refuge in the opinions by Plaintiff's treating physicians, his counsel, in an unusual turn, attempts to challenge the findings of the ALJ based principally upon the opinions of a single consultative examiner.  DE 9 at 15-21 (arguing that the ALJ improperly disregarded certain opinions of consultative examiner Dr. Lambert-Doorn); DE 11 at 2-5 (same).  Here, however, Dr. Lambert-Doorn's opinions, which suggested some limitations for Plaintiff, were thoroughly considered by the ALJ, and partly accepted.  Tr. at 30-31.  The ALJ's position is readily understandable, given that opinions by this one consultant are undermined by other medical evidence and opinions of record: one treating orthopedist had not seen the Plaintiff for a year and found no such limitations, *id.* at 9, while another consulting orthopedist determined Plaintiff was suffering solely from "lumbar sprain" and required no further treatment or therapy.  *Id.* at 54.

Thus, in considering the record as a whole, it is clear that the ALJ's opinion is amply supported by substantial evidence.  *Zacharopoulos*, 516 F. Supp. 3d at 220 ("[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive, 42 U.S.C. § 405(g), and therefore, the relevant question is not whether substantial evidence supports Plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*.'" (quoting

3

*Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013))). Thus, this Court must affirm the decision of the Commissioner.

Based on the foregoing, the Commissioner's motion is granted, and Plaintiff's motion is denied. The Clerk of Court is directed to enter judgment and close the case.

**SO ORDERED.**

Dated: Central Islip, New York
May 8, 2024

/s/ Gary R. Brown
GARY R. BROWN
United States District Judge

4